VICTOR RUSKIN, RESPONDENT, v. MONTICELLO BUILDING AND LOAN ASSOCIATION, APPELLANT.

Submitted January 31, 1930—Decided May 1, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *James E. Pyle.*

For the respondent, *Reynier J. Wortendyke, Jr.*

The opinion of the court was delivered by

PARKER, J.   The case was submitted to the District Court upon an agreed state of facts.   The situation was this:   The building and loan association foreclosed a mortgage held by it, and the plaintiff bid in the property at the sheriff's sale. Under the act of 1906, which appears as pl. 35 of the Sale of Land act (*Comp. Stat., p.* 4686), the building and loan association furnished the sheriff with a statement of the liens and encumbrances upon the property subject to which the sale was to be made, and this appeared in the advertisement of sale.   This statement said that the taxes of 1927 and 1928 were due and unpaid but said nothing about the taxes of 1926 and 1925 which, in fact, were unpaid although the solicitor of the building and loan association had inquired at the tax office and had been informed that the only unpaid taxes were those of 1927 and 1928.   The plaintiff Ruskin bid the property in on this basis and, without further investigation, completed the sale, and, after he had paid the sheriff and taken his deed and re-sold to a third party, he discovered the unpaid taxes of 1926 and 1925; whereupon he brought this action against the building and loan association on some such theory as that that association, by negligence, led him into buying and paying for a property as being clear of taxes for 1926 and 1925, when, in fact, it was not.   The plaintiff had judgment in the District Court and the building and loan association has appealed.

The theory of the plaintiff, as we read the brief, is that inasmuch as the defendant by its solicitor undertook to meet the requirements of the act of 1906, *ubi supra,* by endeavoring in good faith to ascertain the unpaid taxes standing against

the premises, to the end that a purchaser should not be entitled to be relieved of his bid because that had not been stated; and inasmuch as said solicitor had failed to ascertain all the unpaid taxes against the property and to advise the sheriff accordingly; therefore a purchaser buying on the faith of a statement that the property would be sold subject to certain specified taxes and discovering after taking title that there were others, was entitled to hold the building and loan association, complainant in foreclosure, for damages, not for fraudulent misrepresentation, not because of any privity of contract, nor for deceit, but for negligence in failing to do properly what it had undertaken to do in pursuance of the statute. Such is the clear intendment of the brief. Moreover, the claim is that this alleged right is quite independent of the statute, on which no reliance is placed.

The argument is novel, and as we view it, wholly without merit. The old rule of *caveat emptor* bound a purchaser to ascertain for himself before he made his bid. *Campbell* v. *Parker*, 59 *N. J. Eq.* 342. We know of no decision, and counsel for respondent cites none, in which the courts have gone farther than to relieve the purchaser from his bid on the ground of fraud, accident or mistake of fact, before delivery and acceptance of deed, and as a matter mainly of discretion. See *Hayes* v. *Stiger*, 29 *Id.* 196. The act of 1906 was intended to put matters on a practical working basis, and deals solely with relief of a purchaser from his bid if within the reasonable time elapsing between sale and deed he shows an objection to title not stated at the time of sale. But the implication is that after such purchaser has taken his deed, he is presumed! to be satisfied with his bargain and cannot thereafter complain of something he could have discovered and did not discover. We consider that the proper rule is that a purchaser at a sale of this kind is entitled to rely in making his bid upon the statement, if any, of liens and encumbrances made in the advertisement and at the sale, but that after he has bid the property in and had a reasonable opportunity to check up on the encumbrances, and after such opportunity he has gone on and taken his deed, he cannot recover against the judgment credi-

tor or foreclosing mortgagee on account of encumbrances not stated in the absence of proof of some misrepresentation amounting to legal fraud which induced him to make the purchase.

The judgment will be reversed and final judgment for defendant will be entered in this court.